IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIUAN J. MOORE,<br>    ID # 23031262,<br>        Petitioner,<br><br>v.<br><br>DALLAS COUNTY JAIL,<br>        Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:25-CV-2589-S-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on October 21, 2025.  (Dkt. No. 5.)  Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice for lack of jurisdiction as moot.

### I.  BACKGROUND

Tiuan Moore, while a state pretrial detainee at the Dallas County Jail, filed this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention in Cause No. F-23-17048, pending in the Criminal District Court No. 5 of Dallas County, Texas.  (*See id.* at 2-3.)  He names Dallas County Jail as the respondent.  (*See id.* at 1.)

Moore's petition asserts the following grounds for relief:

(1)  Speedy Trial and Excessive Time Detainment;

(2)  No Bail Reduction Hearing No Motions Answered; and

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

(3)  Unlawfully Detained In County Jail.

(*Id.* at 5-6.)  He seeks damages, dismissal of the state charges, and release from confinement.  (*See id.* at 7.)

On January 14, 2026, following a trial, a Dallas County jury convicted Moore in Cause No. F-23-17048 and sentenced him to 24 years of imprisonment.  *See State v. Moore*, No. F-23-17048, *Judgment of Conviction by Jury* (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Jan. 14, 2026).  Moore has filed a notice of appeal of the judgment in that case.  *See id.*, *Notice of Appeal* (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Jan. 14, 2026).

## II.  JURISDICTION

"Article III of the Constitution limits . . . federal-court jurisdiction[] to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Moore's challenges to his pretrial detention were pending when he was convicted and sentenced in Cause No. F-23-17048.  Moore therefore is no longer a pretrial detainee on the only case identified in his petition, and his § 2241 petition is now moot.  *See Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (holding that a petitioner's habeas petition challenging the validity of his pretrial detention and seeking release from pretrial custody was mooted by his subsequent conviction); *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (holding that the petitioner's "claims for federal habeas relief for pretrial issues are mooted by [his] subsequent conviction.").

Accordingly, the Court should dismiss Moore's pretrial § 2241 petition without prejudice for lack of jurisdiction as moot.[2]

### III.  RECOMMENDATION

The Court should **DISMISS** the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on October 21, 2025 (Dkt. No. 5), without prejudice for lack of jurisdiction as moot.

**SO RECOMMENDED** on January 15, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court further notes that because Moore is now detained pursuant to a state court judgment, other state court remedies for pursuing his claims are available, and comity requires that he exhaust those remedies before seeking relief in federal court.  *See* 28 U.S.C. § 2254(b).

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).